IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RHONDA JACARDA LAKES, | :: | CIVIL ACTION NO. |
| Inmate # GDC 398103, | :: | 1:06-CV-0277-MHS |
|    Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| STATE BOARD OF PARDONS AND | :: | PRISONER CIVIL RIGHTS |
| PAROLES, et al., | :: | 42 U.S.C. § 1983 |
|    Defendants. | :: | |

## ORDER

Plaintiff, an inmate at Lee Arrendale State Prison in Alto, Georgia, has filed the instant pro se 42 U.S.C. § 1983 action. [Doc. 1.] Plaintiff has been granted in forma pauperis status, and the matter is now before the Court for a 28 U.S.C. § 1915A screening.

## 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

Plaintiff sues the Georgia State Board of Pardons and Paroles (the Board), its Chairmen and Members, and the Commissioner of the Georgia Department of Corrections. [Doc. 1 ¶ III.] In a subsequent motion, Plaintiff seeks to add "as defendants for both agencies . . . all subordinates and department heads." [Doc. 6 at 1.] She specifically lists the following proposed defendants: for the Board – its Members and Chairman, Hearing Examiner, Hearing Examiner Supervisor, Department Heads, Parole Officer Supervisor, and two unnamed Parole Officers; and, ostensibly, for her place of incarceration – the Warden, Mental Health Supervisor, Mental Health Counselor, General Population Counselor, and Deputy Warden of Care and Treatment. [Id. at 1-2.]

Plaintiff alleges that she was granted parole in April 2001, but because she had no place to go, she "languished in prison until July 2003." [Doc. 1 ¶ IV.] She further alleges that after she was released, she moved out of her assigned housing into an

2

emergency shelter due to lack of funds. On September 12, 2003, she went to the State Capitol seeking assistance, but was arrested. [Id.] Subsequently, on December 3, 2003, her parole was revoked, apparently because she had changed her residence on or about September 10, 2003, without permission from her parole officer. [Id. ¶ IV and attachs.] Plaintiff claims that she was granted parole again in September 2004 but remains incarcerated because she has no housing. [Id. ¶ IV.] In fact, a Hearing Examiner for the Board informed her, in a letter dated September 29, 2004, that the Board had voted "to seriously consider" her for parole if she could provide a "valid residence plan," but not before then. [Id. attach.] Plaintiff seeks her "freedom reinstated, housing provided" for three months, and payment for her pain and suffering, mental cruelty, and anguish. [Id. ¶ V.]

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983

complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

The precise nature of Plaintiff's alleged federal claim or claims is not clear from her complaint [Doc. 1] and initial disclosures [Doc. 3]. She seeks release on parole. However, Plaintiff cannot establish a due process violation, because in order to do so, she must show that she has been deprived of life, liberty, or property without due process of law, Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999), and "a Georgia inmate has no liberty interest in parole," Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001). Furthermore, because Plaintiff has not made "a prior showing of physical injury," she may not bring an action "for mental or emotional injury suffered while in custody." See 42 U.S.C. § 1997e(e).

Finally, to the extent that Plaintiff seeks to challenge her December 2003 parole revocation, that claim is time-barred. "The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000). Therefore, a plaintiff must file her § 1983 complaint within two years after her claim accrues, i.e., after "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711,

716 (11th Cir. 1987). The Board informed Plaintiff on December 3, 2003, that her parole had been revoked. All of the facts that would support a § 1983 claim with respect to that revocation should have been apparent to Plaintiff at that time. Plaintiff signed and submitted the instant complaint on January 31, 2006, more than two years later. Therefore, any challenge to Plaintiff's parole revocation is time-barred.

Accordingly, this Court finds that Plaintiff has failed to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b)(1). Plaintiff's complaint is hereby **DISMISSED**, and Plaintiff's Motions for an indigency hearing [Doc. 5] and to add Defendants [Doc. 6] are **DENIED**.

**IT IS SO ORDERED** this 31st day of Mar, 2006.

MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE